UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO LEON-NUNEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, CENTRAL VALLEY ANNEX,<br>*et al.*,<br><br>　　　　　Respondents. | Case No.  1:26-cv-04881  (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 3 |

Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner Rogelio Leon-Nunez is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 3. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.[1]

## I.　　BACKGROUND

Petitioner is a native of Mexico and entered the United States without inspection on June 24, 2021. Dkt. No. 1 ¶¶ 2–3. Based on the record before the Court, until his most recent detention, Petitioner was not encountered by immigration authorities at or near the border at the time of entry, and it appears his first interaction with the Department of Homeland Security

---

[1] On June 25, 2026, the set an expedited briefing schedule for the petition and indicated that it intended to rule on both the motion for a temporary restraining order and underlying petition. Dkt. No. 6. Respondents did not oppose this in their response, and indicated that they are "amenable to the Court ruling on the underlying petition for writ of habeas corpus." Dkt. No. 7 at 1.

("DHS") occurred during his recent arrest. *See id.* ¶¶ 3, 5, 6. On May 27, 2026, Petitioner was stopped by U.S. Immigrations and Customs Enforcement ("ICE") and subsequently taken into ICE custody. *Id.* ¶ 32.

On June 25, 2026, Petitioner filed the instant petition challenging the lawfulness of his detention and seeking either immediate release or a bond hearing. *Id.* at 12–13.

## II.    DISCUSSION

According to Petitioner, 8 U.S.C. § 1226(a) ("Section 1226")—which provides for a bond hearing—controls his arrest and detention. *Id.* ¶¶ 60–62. He argues that his continued detention without the opportunity for a bond hearing violates the Immigration and Nationality Act ("INA") and the due process clause. *Id.* ¶¶ 59–74. As a remedy for the Government's unlawful detention under § 1225(b)(2), he requests that he immediately be released from custody, or, in the alternative, be provided with a prompt individualized custody hearing before a neutral decisionmaker. *Id.* at 12–13. Respondents argue in opposition that the Court lacks jurisdiction to hear Petitioner's claim under 8 U.S.C. § 1252(g) and § 1252(b)(9), and that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. No. 7 at 3–4. In the alternative, they contend that Petitioner is properly detained under 8 U.S.C. § 1226(a). *Id.*

As to the first argument, 8 U.S.C. §§ 1252(g) and 1252(b)(9) do not bar the court from considering petitioner's claims with respect to the lawfulness of his detention. *See, e.g.*, *Marin v. Warden of the Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026, at *3 (E.D. Cal. June 29, 2026); *Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274 (NW), 2026 WL 1765353, at *2 (E.D. Cal. June 18, 2026); *Enamorado v. Kaiser*, No. 25-CV-04072-NW, 2025 WL 4109736, at *4 (N.D. Cal. Nov. 3, 2025); *Rodriguez v. Kaiser*, No. 1:25-cv-01111-KES-SAB (HC), 2025 WL 2855193, at *2–4 (E.D. Cal. Oct. 8, 2025). "While broad, the language of these sections was 'not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders,' and the Court finds they do not bar review here." *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) (quoting *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)). Petitioner does not

challenge his final order of removal, or seek to enjoin Respondents from removing him; he asks this to Court to evaluate whether his continued detention is lawful. This form of relief is not barred by either § 1252(g) or § 1252(b)(9).

The Court similarly rejects Respondents' argument that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). This argument has been overwhelmingly rejected throughout this District as it "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also*, *Sandigo Manzanez v. Bondi*, No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, *3 (E.D. Cal. Sept. 3, 2025) ("[T]he legal arguments Respondents rely upon to support their position that section 1225 applies here have been consistently rejected by a majority of courts in this district, and courts across the country."); *Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026) (collecting cases). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that his detention, bond, and release are instead governed by 8 U.S.C. § 1226(a).

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." An authorized immigration official makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge who may release the noncitizen on bond or conditional parole. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1).

Though Respondents contend that Petitioner's detention is permitted under § 1226(a), they have not pointed to any evidence or facts indicating that Petitioner was provided the process provided for by § 1226(a), including issuance of a valid warrant before arrest. *See J.A.C.P. v. Wofford,* No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27,

3

2025) (ordering release where "the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis."). Ordering a § 1226(a) bond hearing here "would effectively allow the Government to transform an unlawful detention into a lawful one through post-hoc justifications" and would inadequately remedy the harms suffered by Petitioner. *Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203, at *11 (D.N.J. Mar. 23, 2026). Under these circumstances, release is warranted. Indeed, Respondents acknowledge as much, noting in the opening line of their response that "[t]his case is in the category of cases for which the Court has typically ordered immediate release." Dkt. No. 7 at 1.

## III.    CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ordered to immediately release Petitioner from custody. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This order does not address the circumstances under which the Government may detain Petitioner pursuant to a final order of removal.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____
VINCE CHHABRIA
United States District Judge

4